**FEDERAL DEPOSIT INSURANCE COR-PORATION, As Receiver of Superior National Bank, Plaintiff,**

v.

**OTTAWA UNIVERSITY, Defendant/Third Party Plaintiff,**

v.

**TOSHIBA MASTER LEASE, LTD., Third Party Defendant.**

**No. 95–2048–KHV.**

United States District Court, D. Kansas.

Nov. 2, 1995.

**602**

Michelle M. Suter, Steven H. Mustoe, Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., Kansas City, MO, for Federal Deposit Insurance Corporation, as Receiver of Superior National Bank, plaintiff.

Robert L. Bezek, Jr., Anderson, Byrd, Richeson & Flaherty, Ottawa, KS, for Ottawa University, defendant, Ottawa University, third party plaintiff, and Ottawa University, counter-defendant.

Gary V. Fulghum, Rose, Brouillette & Shapiro, P.C., Kansas City, MO, David J. Berkowitz, Lawrence, KS, for Toshiba Master Lease, Ltd., third party defendant.

Steven H. Mustoe, Kurlbaum, Stoll, Seaman, Reefer, Suter & Mustoe, P.C., Kansas City, MO, for Federal Deposit Insurance Corporation, as Receiver of Superior National Bank, third party plaintiff, and Federal Deposit Insurance Corporation, third party plaintiff.

Gary V. Fulghum, Rose, Brouillette & Shapiro, P.C., Kansas City, MO, for Toshiba Master Lease, Ltd., third party defendant, and Toshiba Master Lease, Ltd., counter-claimant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This case comes before the Court on third party defendant Toshiba Master Lease, Ltd.'s *Motion for an Order to Strike Third Party Plaintiff's Demand for a Jury Trial in Third Party Complaint and Amended Third Party Complaint* (Doc. #25), filed June 20, 1995. In 1989, Ottawa University ("Ottawa") entered into a photocopier lease with Toshiba. Paragraph 19 of the Lease Agreement between Ottawa and Toshiba contained a waiver by Ottawa of its right to jury trial in the event of dispute. Ottawa admits that its business manager, Marsha Denniston, signed the lease, and it does not contest the terms.

As both parties acknowledge, *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835 (10th Cir.1988), is relevant to the instant case. In *Telum*, an oil rig lessee entered into a complicated arrangement with E.F. Hutton, whereby Hutton would purchase an oil rig from a third party and then lease it to

Telum. *Id.*, at 836. Eventually the deal went sour, and Telum sought to rescind the contract. *Id.* Hutton relied on a provision in the lease to oppose Telum's demand for a jury trial, but the trial court granted Telum's motion for a jury trial. *Id.* at 837. On appeal, the Tenth Circuit reversed, holding that the waiver was enforceable because both parties were sophisticated and the waiver was not inconspicuously hidden within the fine print of the contract. *Id.*

■ Ottawa attempts to distinguish *Telum* by offering a number reasons why the waiver in the instant case should not be enforced. These points follow two basic arguments. First, Ottawa contends that the waiver was inconspicuously "buried" in the language of the lease. Second, Ottawa argues, in essence, that the waiver constituted "adhesion language" because the parties were of unequal bargaining position and Toshiba would not have modified the waiver had the parties negotiated.

Ottawa's first argument is without merit. The waiver found at the end of Paragraph 19 in the instant case was not "buried in the fine print" of the contract, as Ottawa suggests. Rather, it was printed in the same typeface as all other provisions of the contract. Ottawa attempts to distinguish *Telum* by arguing that the waiver in that case was "clear, highlighted, italicized." Nothing in *Telum* supports these assertions.

Ottawa is correct in its observation that the waiver in the instant case was not highlighted or italicized. This, however, is not relevant. With the exception of the disclaimer of warranty, which is printed in all capital letters, no other provision of the lease appears in high-lighted or italicized print or otherwise set off from the rest of the text.

■ Ottawa's contention that the waiver is, in effect, an adhesion clause is likewise without merit. No gross disparity in bargaining power is present on the facts of this case. This case does not involve an individual bargaining with a large corporation; here, a university negotiated with its supplier. Moreover, Denniston, Ottawa's business manager, is responsible for managing the

University's financial affairs, and thus presumably possesses a degree of business sophistication.

**IT IS THEREFORE ORDERED** that third party defendant Toshiba Master Lease's *Motion for an Order to Strike Third Party Plaintiff's Demand for a Jury Trial in Third Party Complaint and Amended Third Party Complaint* (Doc. # 25) filed June 20, 1995, should be and hereby is sustained.